**FILED**

AUG 2 0 2010

Clerk, U.S District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROSA HERNANDEZ )<br>4018 Chestnut Street )<br>Fairfax, Virginia 22030 )<br>)<br>      Plaintiff )<br>)<br>v. )<br>)<br>BROMLEY, INC. )<br>Serve its Registered Agent: )<br>Terrence J. Bell )<br>3308 Dent Place, N.W. )<br>Washington, D.C. 20007 )<br>)<br>      Defendant )<br>_____) | Case: 1:10-cv-01405<br>Assigned To . Sullivan, Emmet G.<br>Assign. Date : 8/20/2010<br>Description: Labor-ERISA |

**COMPLAINT**
**(Plaintiff Demands Trial By Jury)**

  COMES NOW the Plaintiff, Rosa Hernandez, through undersigned counsel, and pleads and prays as follows:

<u>Nature of Action</u>

  1. This is a civil action alleging overtime pay claims in the course of employment in the District of Columbia under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*, the D.C. Minimum Wage Act (DCMWA), D.C. Code §32-1001 *et* seq, and the D.C. Wage Payment and Wage Collection Act ("DCWPWCA"),D.C. Code §32-1301 *et seq*.

  2. This action is brought by Rosa Hernandez ("Plaintiff") against her employer, Bromley, Inc. ("Defendant"), who employed Plaintiff in the District of Columbia.

1

### Jurisdiction and Venue

3. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States, 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce, and 29 U.S.C. § 216(b), this action arising under the FLSA. Additionally, this Court has supplemental jurisdiction over Plaintiff's D.C. Code claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because Defendant is a District of Columbia corporation subject to jurisdiction in this district.

### Parties

5. Plaintiff is a natural person and a resident of Fairfax, Virginia, and at all times material to this action was employed on a full-time basis by Defendant in the District of Columbia as a shampooer and cleaner.

6. Defendant is a District of Columbia corporation with principal offices in the District of Columbia.

### Facts

7. Defendant employed Plaintiff for over 25 years as an non-exempt hourly wage employee on a full-time basis, and at all times relevant to this action, at an hourly wage of $16.949.

8. At all times relevant to this action, Plaintiff did not perform any work that was of a bona fide executive, administrative or professional nature, or that would otherwise exempt her from the application of the FLSA and/or the DCWPWCA.

9. During the period between July 1, 2008 and July 2, 2010, Plaintiff regularly worked for Defendant 43.5 hours per week, from Tuesday through Saturday, working

8.5 hours every Tuesday, Wednesday, Friday and Saturday, and 9.5 hours every Thursday.

10. Defendant did not pay Plaintiff time-and-a-half overtime compensation for her hours worked in excess of 40 hours per week.

11. At all times relevant to this action, Defendant failed to maintain a record of the hours worked by Plaintiff.

12. On July 2, 2010, Defendant terminated Plaintiff's employment.

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

13. The allegations of Paragraphs 1 to12 are incorporated herein and realleged.

14. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to be party Plaintiff in this FLSA action. Her written consent is set forth in this Complaint.

15. During the last 24 months of her employment with Defendant, Defendant violated the FLSA by failing to pay Plaintiff the overtime compensation of time and a half her regular rate of pay for the 3.5 hours per week of overtime she worked for Defendant.

16. Defendant's failure to pay overtime wages to Plaintiff was willful and not in good faith as evidenced by its failure to maintain records and pay overtime when Defendant knew, or should have known, that such was due to Plaintiff.

17. Due to Defendant's FLSA violation, Plaintiff is entitled to recover her unpaid overtime compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C. §216(b).

## COUNT II
## VIOLATION OF THE D.C. MINIMUM WAGE ACT

18. The allegations of Paragraphs 1-12 are incorporated herein and realleged.

19. During the last 24 months of her employment with Defendant, Defendant violated D.C. Code §32-1003(c) by failing to pay Plaintiff the overtime compensation of time and a half her regular rate of pay for the 3.5 hours per week of overtime she worked for Defendant.

20. Defendant's failure to pay overtime wages to Plaintiff was willful and not in good faith as evidenced by its failure to maintain records and pay overtime when Defendant knew, or should have known, that such was due to Plaintiff.

21. Due to Defendant's DCMWA violation, Plaintiff is entitled to recover her unpaid overtime compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to D.C. Code §32-1012.

## COUNT III
## VIOLATION OF THE D.C. WAGE PAYMENT AND WAGE COLLECTION ACT

22. The allegations of Paragraphs 1-12 are incorporated herein and realleged.

23. Defendant's failure to pay overtime wages to Plaintiff in a timely fashion upon discharging Plaintiff violated D.C. Code §32-1303.

24. Due to Defendant's violation of D.C. Code §32-1303, Defendant is liable to Plaintiff for payment of such unpaid wages as well as an equal amount in liquidated damages pursuant to D.C. Code §32-1303(4).

25. Due to Defendant's DCWPWCA violation, Plaintiff is entitled to recover her unpaid wages, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to D.C. Code §32-1308.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that this Court enter judgment in her favor, and against Defendant on the above stated Counts, and in addition that this Court:

1. award Plaintiff her unpaid overtime compensation in the amount of $9,997.36 for both Counts I, II and III;

2. award Plaintiff liquidated damages in the amount of $9,997.36 for both Counts I, II and III;

3. award Plaintiff prejudgment interest;

4. award Plaintiff reasonable attorney's fees and court costs of this action; and

5. award such other and further relief to Plaintiff as may be appropriate.

Respectfully submitted,

_/s/ Michael E. Veve_　　　　　　　　　　　August **20**, 2010
Michael E. Veve, PLLC
(D.C. Bar No. 222679)
Lasa, Monroig & Veve, LLP
8300 Greensboro Drive, Suite 800
Mclean, VA  22102
Tel.: (202)261-3524
Fax: (202)261-3514
e-mail: meveve@aol.com

Counsel for Plaintiff

## CONSENT TO SUE

I hereby agree and consent to be a party plaintiff in a lawsuit under the overtime provisions of the Fair Labor Standards Act ("FLSA"), the District of Columbia Minimum Wage Act and the District of Columbia Wage Payment and Wage Collection Act.

A copy of this consent shall have the same effect as the original.


_____          August **20**, 2010.
Rosa Hernandez
4018 Chestnut Street
Fairfax, Virginia 22030